Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7466 | **DATE** | November 2, 2011 |
| **CASE TITLE** | Johnnie Stallings (2011-0506180) vs. Cook County | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The initial partial filing fee is waived. The Court authorizes and orders Cook County Jail officials to make monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The case is dismissed. Plaintiff's federal claims are dismissed with prejudice and the Court dismisses plaintiff's state law claim without prejudice so that he may present the claim to the Illinois state courts. This dismissal does not result in a strike under 28 U.S.C. § 1915(g). *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010). Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied as moot. Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Pro se plaintiff Johnnie Stallings, a detainee at the Cook County Jail, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. He claims that in May 2010 he was wrongfully charged with aggravated assault to a correctional officer at the Jail, and later found not guilty on the charge in December 2010. Plaintiff wishes to sue those responsible for his original arrest on this charge and also seeks to be compensated for the seventh months that he spent at the Jail prior to his acquittal. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), motion for appointment of counsel (Dkt. No. 4), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The initial partial filing fee is waived because plaintiff has no assets. 28 U.S.C. § 1915(b)(4). The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the Jail to another correctional facility.

Turning to the initial review of the complaint, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28

| STATEMENT |
|---|

U.S.C. § 1915A. Plaintiff asserts a claim for false arrest and false imprisonment. The existence of probable cause for any alleged crime defeats false arrest and false imprisonment claims. *Sroga v. Weiglen*, 649 F.3d 604, 608 (7th Cir. 2011); *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 762 (7th Cir. 2006); *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006).

Here, plaintiff claims that he was wrongfully arrested and detained for assaulting a correctional officer at the Cook County Jail. The problem for plaintiff is that he was already a detainee at the Cook County Jail when the alleged assault occurred. Plaintiff's original status as a detainee at the Jail, which he does not contest, supplies sufficient cause to support his detention regardless of the validity of his arrest on the aggravated assault to a correctional officer charge.

Plaintiff also has a malicious prosecution claim. However, malicious prosecution is a state law claim, *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011), and the Court declines to exercise supplemental jurisdiction because of the initial dismissal of the federal claims. Diversity jurisdiction of 28 U.S.C. § 1332 is also not properly invoked by the complaint. Plaintiff is detained at the Cook County Jail (on an apparently different charge), and the named defendants appear to be Illinois citizens. Although plaintiff does not name the involved prosecutors and correctional officers (he names Cook County, its board chairwoman, and sheriff as defendants), complete diversity appears very unlikely in this case.

In summary, plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The initial partial filing fee is waived. The Court authorizes and orders Cook County Jail officials to make monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The case is dismissed. Plaintiff's federal claims are dismissed with prejudice and the Court dismisses plaintiff's state law claim without prejudice so that he may present the claim to the Illinois state courts. This dismissal does not result in a strike under 28 U.S.C. § 1915(g). *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010). Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied as moot. Civil Case Terminated.